# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MAPLEBEAR, INC. d/b/a INSTACART, and DOES 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CASEY BAILEY, *Jennifer Wickland, Curtis Smith and Christina Hearn, on behalf of themselves and all others Similarly Situated*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Francisco Superior Court, Civic Center Courthouse, 400 McAllister St, San Francisco, CA 94102 | CASE NUMBER: *(Número del Caso):* **CGC-20-586596** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christian Schreiber (SBN 245597), Olivier Schreiber & Chao LLP, 201 Filbert St, Suite 201, San Francisco, CA 94133, (415) 484-0161

| DATE: *(Fecha)* September 16, 2020 | CLERK OF THE COURT Clerk, by *(Secretario)* | , Deputy *(Adjunto)* BOWMAN LIU |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Maplebear, Inc., d/b/a Instacart

    under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form] [Save this form] [Clear this form]

Christian Schreiber (Bar No. 245597)
christian@osclegal.com
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, California 94133
Tel:    (415) 484-0980
Fax:    (415) 658-7758

Josh Sanford (Ark. Bar No. 2001037)
*Pro hac vice application forthcoming*
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

Attorneys for Plaintiffs and the Proposed Class

NO SUMMONS ISSUED

# FILED

San Francisco County Superior Court

SEP 16 2020

CLERK OF THE COURT

BY: _____
            Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

## UNLIMITED JURISDICTION

|  |  |
|---|---|
| CASEY BAILEY, JENNFIER WICKLUND, CURTIS SMITH and CHRISTINA HEARN, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>MAPLEBEAR, INC., d/b/a Instacart, and DOES 1-25,<br><br>Defendants. | Case No. CGC-20-586596<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET SEQ.*<br><br>DEMAND FOR JURY TRIAL |




COMPLAINT FOR DAMAGES AND INJUNCTVE RELIEF

Plaintiffs Casey Bailey, Jennifer Wicklund, Curtis Smith and Christina Hearn (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby allege as follows against Defendant Maplebear, Inc. d/b/a Instacart ("Defendant"):

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described herein.

## THE PARTIES

3.      Plaintiff Casey Bailey ("Bailey") is an individual over the age of 18 and citizen and resident of Pulaski County, Arkansas.

4.      Plaintiff Jennifer Wicklund ("Wicklund") is an individual over the age of 18 and citizen and resident of Douglas County, Wisconsin.

5.      Plaintiff Curtis Smith ("Smith") is an individual over the age of 18 and citizen and resident of Pulaski County, Arkansas.

6.      Plaintiff Christina Hearn ("Hearn") is an individual over the age of 18 and citizen and resident of Erie County, New York.

7.      Defendant Maplebear, Inc., is a Delaware corporation with its corporate headquarters and principal place of business is at 50 Beale Street, Suite 600, San Francisco, California 94105. It does business as Instacart. *See* www.instacart.com.

8.      Defendants DOES 1 through 25 are persons or entities whose true names and capacities are presently unknown to Plaintiff, who therefore sue them by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some

1

1     manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will

2     seek leave of court to amend this complaint to state the true names and capacities of such

3     fictitiously named defendants when ascertained.

4          9.     At all times mentioned herein, each named defendant and each DOE defendant

5     was the agent or employee of each of the other defendants and was acting within the course and

6     scope of such agency or employment and/or with the knowledge, authority, ratification and

7     consent of the other defendants. Each defendant is jointly and severally liable to Plaintiff and to

8     the members of the proposed class.

9                       **JURISDICTION AND VENUE**

10         10.     This Court has personal jurisdiction over Defendant because it conducts business

11     in this County, and Defendant directed and committed certain of the unlawful acts alleged herein

12     in this County.

13         11.     Venue is proper in this Court because the events giving rise to the claims stated

14     herein occurred in San Francisco County. Plaintiffs are informed and believe, and on that basis

15     allege, that other Class members reside in and suffered injury in this County. The June 25, 2019

16     "Instacart Terms of Service" contains a venue and a choice of law provision that requires all users

17     to bring claims against the Company under California law in San Francisco. *See*

18     https://www.instacart.com/terms (last accessed Sept. 14, 2020).

19                           **FACTS**

20         12.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if

21     fully set forth in this section.

22         13.     Plaintiffs have performed services for Defendant within the time period relevant to

23     this lawsuit.

24         14.     Plaintiffs, as employees of Defendant, are or were engaged in commerce or in the

25     production of goods for commerce.

26         15.     Defendant provides personal grocery shopping and delivery services.

27

28

CLASS ACTION COMPLAINT

1    16.    Defendant employs individuals who engage in interstate commerce or business

2    transactions, or who produce goods to be transported or sold in interstate commerce, or who

3    handle, sell, or otherwise work with goods or materials that have been moved in or produced for

4    interstate commerce.

5    17.    Defendant's annual gross volume of sales made or business done is not less than

6    $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the

7    three years preceding the filing of this Complaint.

8    18.    During each of the three years preceding the filing of this Demand, Defendant

9    continuously employed at least four (4) employees.

10    19.    Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. §

11    203(d) at all times relevant to this lawsuit.

12    20.    Plaintiffs were employed by Defendant as personal shoppers during the time

13    period relevant to this lawsuit.

14    21.    Bailey was employed by Defendant from approximately February of 2019 until

15    July of 2020.

16    22.    Wicklund was employed by Defendant from approximately April of 2018 until the

17    present, although she has not worked since April of 2020.

18    23.    Smith was and has been employed by Defendant from approximately April of

19    2017 to the present.

20    24.    Hearn was and has been employed by Defendant from approximately October or

21    November of 2018 to the present.

22    25.    Defendant also employed other personal shoppers during the time period relevant

23    to this lawsuit.

24    26.    Plaintiffs' job duties as a personal shopper for Defendant included receiving

25    grocery orders from customers, grocery shopping, and then driving to the customer's home to

26    deliver the groceries.

27    27.    Other personal shoppers had similar duties to Plaintiffs.

28

3

CLASS ACTION COMPLAINT

1      28.     Each shopping trip and ensuing delivery took approximately 45 minutes to 1.5

2  hours for Plaintiffs to complete.

3      29.     Defendant classified Plaintiffs as independent contractors, and therefore as exempt

4  from FLSA requirements.

5      30.     Defendant also classified other personal shoppers as independent contracts, and

6  therefore as exempt from FLSA requirements.

7      31.     Defendant supplied personal shoppers with lanyards to wear so they would be

8  recognizable to grocery store employees and customers.

9      32.     Defendant assigned deliveries to personal shoppers.

10      33.     Personal shoppers' opportunities to earn money were limited to the assignments

11  Defendant offered them.

12      34.     Although personal shoppers were allowed to decline assignments, if personal

13  shoppers' cancellation rate reached more than 15%, personal shoppers' accounts would

14  deactivate, and personal shoppers would no longer have opportunities for earnings.

15      35.     Defendant required personal shoppers to satisfy whatever needs and requirements

16  Defendant and Defendant's customers had.

17      36.     Personal shoppers had no opportunity to share in Defendant's profits.

18      37.     Personal shoppers did not share in Defendant's losses.

19      38.     Defendant paid personal shoppers according to piece rates per delivery.

20      39.     Defendant determined personal shoppers' pay scale for services without input from

21  or negotiation with personal shoppers.

22      40.     Defendant set prices to its customers for services without input or negotiation from

23  personal shoppers.

24      41.     Personal shoppers did not negotiate contracts or prices with Defendant's

25  customers.

26      42.     Defendant determined where to locate Defendant's branches and offices without

27  personal shoppers' input.

28

4

43.    Defendant made decisions regarding advertising Defendant's business without person shoppers' input.

44.    Defendant made decisions on what new business to pursue or take without personal shoppers' input.

45.    Defendant's managers or other individuals under authority of Defendant directed personal shoppers.

46.    Defendant required personal shoppers to follow the directions of Defendant's managers or other authorized individuals with respect to performing and scheduling personal shopping.

47.    Defendant required personal shoppers to use a company credit card to purchase customers' items.

48.    Defendant paid Plaintiffs and other personal shoppers a piece rate per order starting at $7.00.

49.    The piece rate changed depending on the amount of items and the weight of the items.

50.    Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in systematic violations of overtime premium laws.

51.    Plaintiffs regularly worked over forty hours in a week.

52.    Upon information and belief, other personal shoppers also regularly or occasionally worked over forty hours in a week.

53.    Bailey estimates she worked around sixty hours in most weeks while working for Defendant.

54.    Wicklund estimates she worked between thirty and fifty hours in most weeks while working for Defendant.

55.    Smith estimates he worked between fifty and sixty hours per week after March of 2020, and before that around forty hours per week.

5

56.    Hearn estimates she worked between thirty and sixty hours per week while working for Defendant.

57.    Plaintiffs were not paid an overtime premium for hours worked over forty in a week.

58.    Other personal shoppers were also not paid an overtime premium for hours worked over forty in a week.

59.    Plaintiffs estimate that the average delivery was approximately five to eight miles away from the grocery store.

60.    Plaintiffs drove their own vehicles while performing delivery services on Defendant's behalf.

61.    While Plaintiffs were reimbursed for mileage incurred while driving from the grocery store to the delivery location at a rate of $0.60 per mile, Plaintiffs were not reimbursed for mileage incurred while driving from one delivery location to the grocery store for their next order.

62.    Upon information and belief, other personal shoppers were subject to this same mileage reimbursement policy.

63.    Defendant did not sufficiently reimburse Plaintiffs and other personal shoppers for gas, mileage and automobile expenses.

64.    As a result of the mileage and automobile expenses incurred by Plaintiffs and other personal shoppers, they provided a "kick back" to Defendant per 29 C.F.R. § 531.35, which led to further overtime pay violations.

65.    Defendant classified, or otherwise treated, Plaintiffs and other personal shoppers as "independent contractors" for purposes of the FLSA.

66.    At all times relevant hereto, Defendant was aware of the overtime requirements of the FLSA.

67.    At all times relevant hereto, Defendant deprived Plaintiffs and other personal shoppers of overtime compensation for all hours worked over forty (40) each week.

6

1    68.    Defendant knew or showed reckless disregard for whether its actions violated the

2    FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

4    69.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though

5    fully set forth herein.

6    70.    Plaintiffs bring this claim for relief for violation of the FLSA as a collective action

7    pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

8    71.    Plaintiffs bring their FLSA claim on behalf of all other hourly-paid personal

9    shoppers who were employed by Defendant at any time within the applicable statute of

10    limitations period, who worked over forty hours in any week within the three years preceding the

11    filing of this Complaint, who were classified by Defendant as exempt from the overtime

12    requirements of the FLSA, and who are entitled to payment of the following types of damages:

13    A.    Payment of a lawful overtime premium for all hours worked for Defendant in

14    excess of forty (40) hours in a workweek;

15    B.    Liquidated damages; and

16    C.    Attorney's fees and costs.

17    72.    The relevant time period dates back three (3) years from the date on which

18    Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the

19    date of judgment pursuant to 29 U.S.C. § 255(a).

20    73.    The members of the proposed FLSA Collective are similarly situated in that they

21    share these traits:

22    74.    They were classified by Defendant as independent contractors and as exempt from

23    the overtime requirements of the FLSA;

24    75.    They had the same or substantially similar job duties;

25    76.    They were paid on a piece-rate basis;

26    77.    They recorded their time in the same manner;

27

28

7

78.     They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

79.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds one thousand (1,000) persons.

80.     Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### FIRST CAUSE OF ACTION
### (Failure to Pay Overtime, 29 U.S.C. § 207
### Brought by Plaintiffs on Behalf of Themselves and the Collective)

81.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

82.     At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

83.     At all relevant times, Plaintiffs have been "employees" of Defendant as defined by 29 U.S.C. § 203(e).

84.     At all relevant times, Defendant was an "employer" of Plaintiffs as defined by 29 U.S.C. § 203(d).

85.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

86.     Defendant misclassified Plaintiffs as independent contractors and as exempt from the overtime requirements of the FLSA.

87.     Defendant willfully failed and refused to pay Plaintiffs an overtime premium for all hours worked over forty (40) per week.

CLASS ACTION COMPLAINT

88.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

Wherefore, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, having stated his Complaint, Plaintiff respectfully prays for judgment against Defendants as follows:

A. An Order Conditionally Certifying the Collective

B. Issuance of Court-approved notice to the Collective so that members are advised of the lawsuit and have the opportunity to join it;

C. Designation of Plaintiffs as Representatives of the Collective;

D. Designation of Plaintiffs' counsel of record as Class Counsel;

E. A declaratory judgment that the practices complained of herein are unlawful;

F. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

G. An award of damages, penalties, and restitution to be paid by Defendant according to proof;

H. Pre-judgment and post-judgment interest, as provided by law;

I. Attorneys' fees, pursuant to the FLSA;

J. Costs of suit, including expert fees and costs;

K. An appropriate service award to Plaintiffs for their service as Collective representatives; and

L. Such other injunctive and equitable relief as the Court may deem just and proper.

9

1   Dated September 15, 2020                 Respectfully submitted,

2                                            OLIVIER SCHREIBER & CHAO LLP
3                                            SANFORD LAW FIRM, PLLC

4
                                             By: _____
5                                            Christian Schreiber

6
                                             *Attorneys for Plaintiffs and the*
7.                                           *Proposed Class*

8

9

10                    **DEMAND FOR JURY TRIAL**

11       Plaintiff hereby requests a jury trial on all claims so triable.

12  Dated: September 15, 2020                Respectfully submitted,

13                                           OLIVIER SCHREIBER & CHAO LLP
                                             SANFORD LAW FIRM, PLLC
14

15
                                             By: _____
16                                           Christian Schreiber

17                                           *Attorneys for Plaintiffs and the*
                                             *Proposed Class*
18

19

20

21

22

23

24

25

26

27

28
                                   10

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*<br>Christian Schreiber (SBN 245597)<br>OLIVIER SCHREIBER & CHAO LLP<br>201 Filbert St, Suite 201, San Francisco, CA 94133<br><br>TELEPHONE NO.: (415) 484-0980    FAX NO. *(Optional):* (415) 658-7758<br>ATTORNEY FOR *(Name):* Casey Bailey | **FOR COURT USE ONLY**<br><br>**NO SUMMONS ISSUED**<br><br>**F I L E D**<br>*San Francisco County Superior Court*<br><br>SEP 16 2020<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS: 400 McAllister St
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
CASEY BAILEY, et al., v. MAPLEBEAR, INC., d/b/a INSTACART, and DOES 1-25

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | **CASE NUMBER:** |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-20-586596 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24) | [ ] Other contract (37)<br>**Real Property** | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | [ ] Other real property (26)<br>**Unlawful Detainer** | [ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint** |
| [ ] Defamation (13)<br>[ ] Fraud (16) | [ ] Commercial (31)<br>[ ] Residential (32) | [ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19)<br>[ ] Professional negligence (25) | [ ] Drugs (38)<br>**Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36)<br>[x] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
    b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve         courts in other counties, states, or countries, or in a federal
    c. [x] Substantial amount of documentary evidence         court
                                                           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* One
5. This case [x] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 15, 2020
Christian Schreiber                                      ▶ Christian Schreiber (signature)
_____                 _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form]  [Save this form]  [Clear this form]

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Christian Schreiber (SBN 245597) | | |

FIRM NAME: OLIVIER SCHREIBER & CHAO LLP
STREET ADDRESS: 201 Filbert, Suite 201
CITY: San Francisco    STATE: CA    ZIP CODE: 94133
TELEPHONE NO.: (415) 484-0161    FAX NO.: (415) 658-7758
E-MAIL ADDRESS: christian@osclegal.com
ATTORNEY FOR (Name): Casey Bailey, Jennifer Wicklund, Curtis Smith, Christina Hearn

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:  400 McAllister St
MAILING ADDRESS:  400 McAllister St
CITY AND ZIP CODE:  San Francisco, 94102
BRANCH NAME:  Civic Center Courthouse

Plaintiff/Petitioner:  CASEY BAILEY

Defendant/Respondent:  MAPLEBEAR, INC., d/b/a INSTACART and DOES 1-25

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-20-586596 |
|---|---|

TO *(insert name of party being served):* Maplebear, Inc., d/b/a Instacart

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  September 30, 2020

Christian Schreiber
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):* Notice Setting Initial Case Management Conference; ADR Information Package

*(To be completed by recipient):*

Date this form is signed: _____

▶ _____

| (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED) | (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY) |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [ Print this form ]   [ Save this form ]    [ Clear this form ]

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **FEB-17-2021** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> **(SEE LOCAL RULE 4)**

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



> The plaintiff must serve a copy of the ADR Information Package on each defendant along
> with the complaint. Cross-complainants must serve a copy of the ADR Information Package
> on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for
settling a dispute without a trial. There are many different ADR processes, the most common forms of
which are mediation, arbitration and settlement conferences.   In ADR, trained, impartial people decide
disputes or help parties decide disputes themselves.  They can help parties resolve disputes without
having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should
participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or
some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks,
  through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than
  in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have
  reported a high degree of satisfaction.

<u>**\*\*Electing to participate in an ADR process does not stop the time period to
respond to a complaint or cross-complaint\*\***</u>

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The
programs are described below!

**1)  MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of
settlement conferences is to provide participants an opportunity to reach a mutually acceptable
settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the
court and are often held near the date a case is set for trial, although they may be held earlier if
appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement
conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by
the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

**2) MEDIATION**
Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: _____ |
|---|---|
| | **DEPARTMENT 610** |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case; and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐ 90-120 days ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| _____ | _____ |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  10/18     **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Christian Schreiber, 245597
Olivier Schreiber & Chao LLP
201 Filbert St., Suite 201
San Francisco, CA 94133
   TELEPHONE NO.: (415) 484-0980
ATTORNEY FOR *(Name)*: Plaintiff

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**10/20/2020**
**Clerk of the Court**
BY: YOLANDA TABO-RAMIREZ
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Francisco County
400 McAllister Street
San Francisco, CA 94102

PLAINTIFF/PETITIONER: Casey Bailey, et al.

DEFENDANT/RESPONDENT: Maplebear, Inc., d/b/a Instacart; et al.

| PROOF OF SERVICE OF SUMMONS | CASE NUMBER: CGC-20-586596 |
|---|---|
| | Ref. No. or File No.: 156 - Bailey |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.    **BY FAX**
2. I served copies of:

Complaint, Civil Case Cover Sheet, Summons, Notice of Acknowledgment of Receipt-Civil, Notice to Plaintiff, Alternative Dispute
Resolution (ADR) Information Package

3. a. Party served:  Maplebear, Inc., d/b/a Instacart

   b. Person Served: Cogency Global Inc. - Mai Houa Yang  - Person Authorized to Accept Service of Process

4. Address where the party was served: 1325 J St., Suite 1550
                                        Sacramento, CA 95814
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on  (date): 10/01/2020          (2) at  (time): 2:55PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:


   Maplebear, Inc., d/b/a Instacart
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:      Brandon Lee Ortiz
   b. Address:   One Legal - P-000618-Sonoma
                 1400 North McDowell Blvd, Ste 300
                 Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 105.00
   e I am:
      (3)  registered California process server.
          (i)  Employee or independent contractor.
          (ii)  Registration No.: 2012-37
          (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date:  10/02/2020



Brandon Lee Ortiz
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 15266743